**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SANDY CARRERAS MORALES<br>  Plaintiff<br><br>  v.<br><br>SILGAN CONTAINERS<br>MANUFACTURING PUERTO RICO,<br>LLC; OKAYA, INC.<br>  Defendants | CIVIL NO. 19-<br><br>AGE DISCRIMINATION<br>DAMAGES<br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE COURT**:

COMES NOW plaintiff, Sandy Carreras Morales (hereinafter "Carreras"), through the undersigned legal representation, and very respectfully states, alleges and prays:

## I.    NATURE OF THE ACTION AND JURISDICTION

1.      This action is brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 601 *et seq.* ("ADEA") and Puerto Rico Law No. 100 of June 30, 1959, P.R. Stat. Tit. 29 §146 *et seq*., ("Law No. 100"), seeking compensatory, double and liquidated damages, back pay, front pay and equitable and injunctive relief to seek redress for defendants' discrimination on the basis of age against Carreras.

2.      This court has jurisdiction to entertain this action pursuant to Section 7 of the ADEA, 29 U.S.C. § 626(c)(1), and under 28 U.S.C. §§ 1331 and 1343(a)(4). Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a) to hear the Commonwealth of Puerto Rico law claims because these are so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(1) and (2), as one of the defendants resides in Puerto Rico and all the discriminatory employment practices alleged in the Complaint occurred within or have minimum contacts with the judicial district of Puerto Rico.

## II.  THE PARTIES

4.      Carreras repeats and realleges each and every preceding allegation as if fully set herein.

5.      Carreras is of legal age, a citizen of the United States and a resident of Bayamón, Puerto Rico.

6.      Carreras was born on November 4, 1957.

7.      At all relevant times, Carreras was a candidate for employment under the provisions of ADEA, 29 U.S.C. §630(a)(1), and is within the protected class under ADEA, 29 U.S.C. §631(a).

8.      There is no age limitation to be in the protected class under Law No. 100.

9.      Carreras is an employee candidate under all of the federal and local statutes upon which he bases the requests for relief.

10.      Co-defendant Silgan Containers Manufacturing Puerto Rico, LLC (hereinafter referred to as "Silgan") is, and at all times hereinafter mentioned was, a Limited Liability Company duly created under the laws of and with its principal place of business in the Commonwealth of Puerto Rico.

11.      Silgan employs in excess of 500 employees.

12.      Okaya Infocom, upon information and belief is, and at all times hereinafter mentioned was, a corporation created pursuant to the laws of and with its principal place of

business in India. Its headquarters, known as Okaya Centre, are located at B 5, Block B, Industrial Area, Sector 62, Noida, Uttar Pradesh 201301, India.

13.     Okaya provides a variety of services, including, and of particular importance to the instant case, *talent acquisition*.

14.      In the United States, Okaya Infocom uses its wholly owned subsidiary, co-defendant, Okaya, Inc. (hereinafter collectively referred to as "Okaya") to provide its services.

15.     Co-defendant Okaya, Inc. ("Okaya") is a corporation with its principal place of business in the State of New York. Its physical address is: 4949 Express Dr., N Suite 100, Ronkonkoma, NY 11779.

16.     Okaya was retained by Silgan to help in its talent acquisition services to fill its Plant Manager position in Las Piedras, Puerto Rico.

17.     In said capacity, Okaya acted as agent for Silgan.

18.     At all times relevant to this case, Silgan and Okaya were "employers" under the ADEA, 29 U.S.C. §630(b), and Puerto Rico Law No. 100 of June 30, 1959, as amended.

### III.     ADMINISTRATIVE PROCEEDINGS

19. Carreras repeats and realleges each and every preceding allegation as if fully set herein.

20.     Carreras filed a timely charge of employment discrimination on the basis of age with the Anti-Discrimination Unit of the Department of Labor ("ADU") and the Equal Employment Opportunity Commission ("EEOC") on October 26, 208 against Silgan and Okaya.

21.     Carreras then requested the dismissal of the charges and permission to sue in federal court.

22.     The Notice of Right to Sue was issued by the EEOC on June 6, 2019. *See,* Exh. 1.

3

23.     The Notice of Right to Sue was sent by the EEOC to Carreras, Silgan and Okaya. *Id.*

24.     The instant Complaint is being filed within ninety (90) days of Carreras's receipt of the Notice of Right to Sue.

### III. THE FACTS

25.     In 1982, Carreras obtained an Associate's Degree in Electrical Engineering from the Technical Institute of Puerto Rico, San Juan Campus.

26.     Throughout, Carreras gained vast experience in his field.

27.     As of September 2017, Carreras worked as a Plant Manager at Green Pack of Puerto Rico, Inc., a manufacturing company.

28.     After the passage of Hurricane María in September of 2017, however, Green Pack closed its operations and Carreras was left unemployed.

29.     Carreras began his job seeking efforts to rejoin the labor force.

30.     As part of these, he published his professional profile on LinkedIn.

31.     In January 2018, Jitendra Singh ("Singh"), a recruiter at Okaya, saw Carreras' profile and contacted him.

32.     Singh explained to Carreras that there was an opening for a Plant Manager position at a manufacturing company located in Puerto Rico and that based on his education and experience listed in his LinkedIn Profile, he met the established requirements for Plant Manager.

33.     On January 31, 2018, Singh requested that Carreras provide him with a copy of his resume.

34.     On that same date, Singh received Carreras' resume.

4

35.    Singh confirmed receipt of the resume and provided additional details about the requirements for the position.

36.    When Carreras mentioned to Singh that he had an Associate Degree in Electrical Engineering, but the job description listed a Bachelor's Degree in Engineering as a requirement, Singh assured Carreras that his experience as Plant Manager in the manufacturing field was sufficient to compensate for not having the Bachelor's Degree in Engineering.

37.    Carreras met all other requirements listed in the job description for Plant Manager.

38.    There was no age requirement for the Plant Manager position.

39.    There was no age related *Bona Fide Occupational Qualification* ("BFOQ") in the job description.

40.    Singh did not inform Carreras about the identity of the company that had the Plant Manager vacancy.

41.    Thereafter, Singh informed Carreras that he would be contacted by Ms. Joann Cox ("Cox") from Talent Partners, Inc.

42.    Once again, Singh did not inform Carreras about the name of the company that had the vacant Plant Manager.

43.    On February 5, 2018, Ms. Cox contacted Carreras.

44.    Ms. Cox provided Carreras with additional details of the position.

45.    Carreras provided Cox with a copy of his resume.

46.    Ms. Cox told Carreras that the Plant Manager opening was at Silgan Containers, Inc. ("Silgan").

47.    Silgan had a manufacturing plant in Las Piedras, Puerto Rico.

48.    On February 6, 2018, Ms. Sue Thiele ("Ms. Thiele"), an Operations Coordinator for Silgan, contacted Carreras via email.

49.    Ms. Thiele instructed Carreras to fill out a Silgan application form "[a]s a further step in [his] consideration" for the Plant Manager position.

50.    Ms. Thiele did not inform Carreras that not having a Bachelor's Degree in Engineering disqualified him from occupying the Plant Manager position at Silgan.

51.    Ms. Thiele informed Carreras that he had to take a series of pre-employment tests.

52.    These tests would be administered at a testing site in Puerto Rico.

53.    Carreras filled out the employment application and sent it to Ms. Thiele.

54.    Upon receipt of the application, Ms. Thiele requested additional information regarding personal details.

55.    Among the information provided by Carreras to Ms. Thiele were his Social Security Number, racial and ethnic background, and whether Carreras suffered from any disabilities.

56.    At no time did Ms. Thiele ask Carreras for his date of birth and/or his age.

57.    On February 13, 2018, Carreras took the pre-employment tests for the position.

58.    On February 28, 2018, Singh asked Carreras if he had been contacted by Silgan regarding the next steps to be followed.

59.    Carreras informed Singh that he had not heard from Silgan after taking the pre-employment tests.

60.    On March 5, 2018, Singh sent Carreras a text message, as a follow-up.

61.    Carreras responded to Singh that he still had not heard from Silgan.

62.    Singh remarked: "[t]his client is taking so much time to hire anyone on this position.  Let's see how soon we get update for you."

63.    On April 26, 2018, Carreras was contacted via text message by Mr. Prashant Shekhar ("Shekhar"), another Okaya recruiter.

64.    To Carreras' surprise, Mr. Shekhar informed him that he had received Carreras' "response" for a Plant Manager position in Puerto Rico, through LinkedIn.

65.    Mr. Shekhar asked Carreras to confirm, again, that he was "okay" with the $70,000.00 annual salary for the position, "in order to submit [his] profile to the client."

66.    After Carreras' confirmation to Mr. Shekhar, he sent Carreras the following text message: "One more thing I want to ask, as client is considering people below 58 years old on the job, so what is your age and dob [date of birth], I'm sorry this is weird question but I have to ask."

67.    Carreras informed Mr. Shekhar that he was born on November 4, 1957 and, at the time, was 60 years of age.

68.    Mr. Shekhar responded "Ok" after receiving the information about Carreras' age and date of birth.

69.    Mr. Shekhar forwarded Carreras information to Silgan, including his age and date of birth.

70.    As of April 26, 2018, the Plant Manager position in Las Piedras remained "available" according to Silgan's LinkedIn page.

71.    After April 26, 2019, Carreras never heard back about the Plant Manager position from Silgan, Okaya or anyone else.

72.    In May of 2018, Silgan removed the Plant Manager position from LinkedIn and it no longer appeared as an available position.

73.    In May 2018, Silgan hired Mr. Kerry Maas as its Plant Manager in Las Piedras, Puerto Rico.

74.    Mr. Maas has a degree in Psychology from Colorado State University.

75.    Additionally, Mr. Maas has post graduate studies in abnormal behavior-personality disorders from Colorado State University.

76.    Mr. Maas does not have any academic degree in Engineering.

77.    Mr. Maas was less than 58 years of age when Silgan hired him as Plant Manager.

78.    Mr. Maas is more than five years younger than Carreras.

79.    Mr. Maas is substantially younger than Carreras.

80.    The decision to hire Mr. Maas over Carreras was based on Carreras' age.

81.    Defendants' decision not to consider applicants over 58 years of age constitutes age discrimination, in violation of federal and local law.

82.    But for Carreras's age, he would have been selected to occupy the Plant Manager position at Silgan.

### IV.        FIRST CAUSE OF ACTION

83.    Carreras repeats and realleges each and every preceding allegation as if fully set herein.

84.    Defendants' actions and/or omissions constitute violations of the ADEA.

85.    Silgan and Okaya are jointly and severally liable to Carreras for backpay had he not been deprived of employment because of his age.

8

86. As a result of defendants' discriminatory conduct, Carreras is entitled to injunctive relief in the form of backpay and reinstatement.

87. Carreras also requests an order directed at defendants to cease and desist of any further discriminatory conduct against him because of his age.

88. If the court determines that reinstatement is not practicable, Carreras requests the court for the imposition of front pay *in lieu* of reinstatement until he reaches age 70.

## V.  SECOND CAUSE OF ACTION

89. Carreras repeats and realleges each and every preceding allegation as if fully set herein.

90. Defendants' discriminatory practices against Carreras were willful and/or carried out with reckless disregard towards Carreras' rights under federal law.

91. Defendants' discriminatory conduct constitutes a willful violation of the ADEA and, as a result thereof, they are jointly and severally liable to Carreras for liquidated damages equal to twice the amount of his award of backpay.

## VI.      THIRD CAUSE OF ACTION

92. Carreras repeats and realleges each and every preceding allegation as if fully set herein.

93. Defendants' conduct constitutes discrimination on the basis of age under Law No. 100.

94. Carreras has suffered emotional and economic damages as a result of defendants' discrimination.

95.    Defendants are liable to Carreras for double the loss of income suffered by Carreras and to an award of damages to compensate for emotional pain and suffering as a result of their discrimination against him on the basis of age.

## VII.    DEMAND FOR JURY TRIAL

96.    Carreras demands that all of his causes of action be tried before a jury.

**WHEREFORE**, all premises considered, Carreras prays from this Honorable Court the following relief:

1.    An order directing defendants to appoint Carreras to the Plant Manager or comparable position at the Silgan Plant (Las Piedras) and to desist of any discriminatory actions and/or omissions against him;

2.    An award of backpay, for the period during which Carreras has been deprived of his compensation, minus any interim income he may have earned, and/or an award of front pay *in lieu* of reinstatement, if the court determines that reinstatement is impracticable as a matter of law;

3.    Lost benefits, both past and future;

4.    Compensatory and emotional damages in an amount not less than $300,000.00;

5.    An award of liquidated damages equal to twice the back pay and fringe benefits lost by Carreras;

6.    An award of double compensatory (economic) damages under Law No. 100;

7.    An award of reasonable attorneys' fees, together with costs, litigation expenses and necessary disbursements;

10.    Prejudgment interests;

11.     An income tax differential for any amount to be paid by Carreras in excess of his usual personal income tax rate as a result of compensation for lost income and/or front pay received as relief for defendants' discriminatory and retaliatory conduct; and

12.     Any other remedies which this court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 3rd day of September, 2019.

**GONZÁLEZ MUÑOZ LAW OFFICES, PSC**
P.O. Box 9024055
San Juan, PR 00902-4055
Tel. (787) 766-5052
info@gonzalezmunozlaw.com

*s/Juan Rafael González Muñoz*
**Juan Rafael González Muñoz**
USDCPR No. 202312