IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANDY CARRERAS-MORALES<br><br>Plaintiff<br><br>v.<br><br>SILGAN CONTAINERS MANUFACTURING PUERTO RICO, LLC; OKAYA, INC.<br><br>Defendants<br><br>TALENT PARTNERS, INC.<br><br>Third-Party Defendant. | CIV. NO.: 19-1828(SCC) |

**OPINION AND ORDER**

Sandy Carreras Morales ("Plaintiff") brought this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and Puerto Rico Law No. 100 of June 30, 1959, P.R. LAWS ANN. tit. 29 § 146 *et seq.*, against Silgan Containers Manufacturing Puerto Rico, LLC, ("Silgan") and Okaya, Inc.

("Okaya"). *See* Docket No.1. In its Answer to the Complaint, Silgan crossclaimed against Okaya pursuant to Federal Rule of Civil Procedure 13, *see* Docket No. 7, and opted to bring Talent Partners, Inc., ("Talent") as a Third-Party Defendant pursuant to Federal Rule of Civil Procedure 14, *see* Docket No. 10. Okaya then counterclaimed against Silgan and filed a Third-Party Complaint against Talent. *See* Docket Nos. 27 and 28. Talent then counterclaimed against Silgan and Okaya. *See* Docket Nos. 29 and 39. After Talent moved for the dismissal of Silgan and Okaya's Third-Party Complaints, *see* Docket Nos. 44 and 46, Plaintiff amended the Complaint and included Talent as a defendant. *See* Docket No. 58. Talent then moved for the dismissal of the Amended Complaint. *See* Docket No. 66.

Talent's Motions to Dismiss Silgan and Okaya's Third-Party Complaints aver that Silgan and Okaya's claims are time-barred due to Plaintiff's failure to bring suit against them during the one-year statute of limitations period. *See* Docket Nos. 44 at pgs. 7-8 and 46 at pgs. 7-8. However, the filing of

the Amended Complaint, which includes Talent as a codefendant and brings forward new facts and claims, renders moot the motions to dismiss filed prior to the Amended Complaint.

It is alleged in the Amended Complaint that Talent's wrongdoing was unknown to Plaintiff before the filing of the Amended Complaint. *See* Docket No. 58; *see also* Plaintiff's Opposition to Talent's Motion to Dismiss at Docket No. 67 at pg. 7(explaining that Plaintiff did not know about Talent's tortious actions until the Federal Rule of Civil Procedure 26 meeting). These new alleged facts impact the factual basis on which the Motions to Dismiss at Docket Numbers 44 and 46 are predicated. Additionally, Talent's Motion to Dismiss the Amended Complaint at Docket Number 66 needs to be further developed for the Court to consider in its entirety Talent's request for the dismissal of all the actions against it. These defenses are fact based and the Court must allow the Plaintiff an opportunity to properly assert his claims in the light most favorable.

     In view of the above, the Motions to Dismiss at Docket Numbers 44 and 46 are deemed **MOOT** and the Motion to Dismiss at Docket Number 66 is **DISMISSED WITHOUT PREJUDICE**. Talent may renew its exhaustion of administrative remedies and statute of limitations arguments in the form of a motion to dismiss or a motion for summary judgment after the factual basis is further developed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of February 2021.

        S/SILVIA CARRENO-COLL
        UNITED STATES DISTRICT COURT JUDGE